IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DR. JONATHAN M. ISOM**                                                                **PLAINTIFF**

**V.**                           **CIVIL ACTION NO. 2:14-CV-190-KS-MTP**

**WESLEY MEDICAL CENTER,** *et al.*                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Defendants' Motions to Dismiss [6, 9, 18].

## I. BACKGROUND

This is a racial discrimination and retaliation case brought under Title VII and Section 1981. Plaintiff was an anesthesiologist contracted to provide services to Defendant Wesley Medical Center. Defendant Community Health Systems ("CHSPC") owns Wesley, and Defendant Michael Neurendof is its CEO. Wesley and CHSPC each filed a Motion to Dismiss [6, 9] Plaintiff's Title VII claims against them, and Neurendof filed a Motion to Dismiss [18] Plaintiff's Section 1981 claim against him.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the

complaint in the light most favorable to the plaintiff." *Id*. But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Defendants presented an exhibit with their motions: the parties' Service Agreement [9-1, 9-2]. "[W]hen matters outside the pleading are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *see also* FED. R. CIV. P. 12(d). If the Court considers the matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Plaintiff specifically referred to the employment contract in the Complaint [1], and it is central to his claims. Therefore, the Court may refer to it without converting Defendants' motions pursuant to Rule 12(d).

### III. MOTION TO DISMISS [6, 9] (CHSPC & WESLEY)

Defendants CHSPC and Wesley argue that Plaintiff was an independent contractor, rather than their employee. "An 'employee' under Title VII is defined in pertinent part as 'an individual employed by an employer.'" *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 434 (5th Cir. 2013) (quoting 42 U.S.C. § 2000e(f)). "Recognizing the circularity in such a definition, the Supreme Court explained that when Congress has used the term 'employee' without defining it, we have concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine." *Id.* (punctuation and citations omitted).

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24, 112 S. Ct. 1344, 117 L. Ed. ed 581 (1992).

The Fifth Circuit applies a hybrid "economic realities/common law control test, a variation of the common law agency test, in determining whether a party is an employee or an independent contractor." *Juino*, 717 F.3d at 434. "The economic-realities portion of the test asks whether putative employees, as a matter of economic reality, are dependant upon the business to which they render service," while the

"common law control portion of the test . . . assesses the extent to which the one for whom the work is being done has the right to control the details and means by which the work is to be performed." *Id.* The common law control analysis is the more important component. *Id.* The following factors are relevant to the Court's analysis:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required to the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by job; (6) the manner in which the work relationship is terminated, *i.e.* by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer;" (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

*Diggs v. Harris Hosp.-Methodist, Inc.*, 847 F.2d 270, 272-73 (5th Cir. 1988).

In support of their argument that Plaintiff was an independent contractor, Defendants wholly rely on the parties' Service Agreement [9-1, 9-2]. As with any multi-factored analysis, "determining whether an individual is an 'employee' for Title VII purposes is a fact-intensive inquiry . . . ." *Arbaugh v. Y& H Corp.*, 380 F.3d 219, 229 (5th Cir. 2004), *rev'd on other grounds* 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). That being the case, the Court concludes that it would be imprudent to rely on the Service Agreement [9-1, 9-2] alone and dismiss Plaintiff's Title VII claims before the parties have conducted discovery and presented additional evidence relevant to the analysis outlined above. The Court denies Defendants' Motions to Dismiss [6, 9].

### IV. MOTION TO DISMISS [18] (NEURENDOF)

Defendant Michael Neurendof argues that Plaintiff's Section 1981 claims against him must be dismissed because Plaintiff failed to allege that Neurendof personally participated in any of the alleged discriminatory/retaliatory actions.

Plaintiff alleged that Neurendof was the CEO of Wesley at all times relevant to this case. In his EEOC charges of discrimination [1-2, 1-4],[1] Plaintiff alleged that "Neurendof used the 'at will' agreement as retaliation for [his] efforts to stop blatant discrimination . . . . He would not allow me to terminate Dr. Chris Painter (white) after informing him of Dr. Painter's clinical weakness." Plaintiff also alleged that Neurendof terminated him one week after he lodged a complaint with the Chief of Medical Staff. These allegations are sufficient to state a plausible claim of Neurendof's personal involvement in the alleged discriminatory and retaliatory actions of which Plaintiff complains. Therefore, the Court denies Neurendof's Motion to Dismiss [18].

## V. CONCLUSION

For the reasons provided above, the Court **denies** Defendants' Motions to Dismiss [6, 9, 18].

SO ORDERED AND ADJUDGED this 23rd day of September, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] "[E]xhibits attached to the complaint . . . are part of the complaint for all purposes." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (citing FED. R. CIV. P. 10(c)).